OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William L. Kerr
District Attorney
Pecos, Texas

Dear Sir:

Opinion No. O-2414-A
Re: Authority of the El Paso National
Bank, El Paso, Texas, as trustee
to enforce rules and regulations
promulgated by the Board of Di-
rectors of the Red Bluff Water
Power Control District.

We have given careful consideration to your re-
quest contained in your letter of recent date for the opin-
ion of this Department on the above stated question. For
factual background of your request, we quote the following
paragraphs from your letter:

"Under date of July 11th, 1940 you rendered
opinion to Mr. Penn, County Attorney of Reeves
County, to the effect criminal prosecution could
be conducted against violators of the reasonable
rules and regulations of the Red Bluff Water Power
Control District, as such rules and regulations af-
fected Red Bluff Reservoir. My inquiry then was
with reference.

"(a) To the rights of such district to give a
mortgage by the terms of which all property, including
right to impound, store and distribute water, was
pledged to secure the payment of bond obligations,
the said mortgage providing that possession and pos-
sessory rights should pass to a bank as trustee upon
default in obligation; and



Honorable William L. Kerr, Page 2

"(b) Assuming that such right would exist and that on default a bank could succeed to all rights of such district, then would the reasonable rules and regulations of the district prevail and under such reasonable rules and regulations could criminal prosecution be conducted where the subject matter of such rules, physical property and impounded water, had passed to a bank as trustee.

" . . .

"The said district, acting by its officers, executed a trust indenture by the terms of which such district sold, conveyed, assigned, transferred and confirmed unto the trustee therein named forty-three parcels of land (the reservoir site), its permit No. 1217 to appropriate unappropriated waters of the Pecos River, its hydro-electric plant, transmission lines, etc., and

"'All other properties, real personal or mixed . . . and all rights of way, franchises, water rights . . . and in fact everything connected with the properties and system of the said district.'



"The said instrument was executed and delivered to secure and insure the payment of a bond issue therein described, and, I assume, was executed under the authority or apparent authority of Article 7807d, Sections 20-21 and 21B, which authorized a water power control district to 'pledge and fix a lien (on) and mortgage any property' etc."

The only question with which you could be concerned, and the only question which will be treated in this opinion, is the right of the El Paso National Bank, El Paso, Texas, as trustee, to enforce the reasonable rules and regulations as promulgated by the Board of Directors of the Red Bluff Water Power Control District. Therefore, may we restate your question to read:

May the reasonable rules and regulations as promulgated by the Board of Directors of the Red Bluff Water Power Control District be enforced by the El Paso National Bank, El Paso, Texas, trustee?

Honorable William L. Kerr, Page 3

Shortly after the receipt of the opinion request from Honorable Robert D. Penn, County Attorney of Reeves County, Pecos, Texas, this Department received a very exhaustive brief from the law firm, Burges, Burges & Scott, Attorneys at Law, El Paso, Texas, on the question as to whether or not the rules and regulations as promulgated by the Board of Directors of the district could form the basis of a criminal prosecution. (Opinion No. O-2414).

For additional facts, may we quote from the brief of Burges, Burges & Scott as follows:

"The Red Bluff dam, reservoir, irrigation and power systems represent an investment of more than two millions of dollars. The project was constructed with the proceeds of three bond issues. Practically all of these bonds are held by the Reconstruction Finance Corporation. The first issue of bonds is secured by a pledge of all the properties of the District, as well as the tax revenues and all other income of the District, while the second and third issues are tax obligations. . . .

"Prior to January 1940 the Red Bluff District had defaulted in the payment of both principal and interest on the bonds held by the Reconstruction Finance Corporation. Acting under the terms and provisions of the indenture securing the first bond issue for $1,050,-000.00, the Reconstruction Finance Corporation requested the El Paso National Bank, Trustee under the indenture, to demand that possession of the District's properties be delivered to the Trustee. Such demand was made, and about January 11, 1940, the Directors of the District voluntarily surrendered possession. Since that time the District has been operated by the Trustee under the direction of the Reconstruction Finance Corporation, and Mr. J. D. Shaw is in active management as the Trustee's Agent. . . ."

As was pointed out in our Opinion O-2414:

"By Article 16, Section 59 of the Constitution, supra, the Legislature is empowered to authorize the organization of public or quasi-public corporations charged with the duty of securing to all the people all of the benefits of conservation, protecting riparian

rights, if any exist, while saving the waters that would otherwise be lost, and at the same time securing to all of the people of the State the rights of fishing and recreation. The management and control of these public or quasi-public corporations is vested solely in a Board of Directors elected by the qualified voters of the territory wherein such district is located. Chapter 2, Title 128, Vernon's Civil Statutes, and amendments thereto."

We are not passing upon the validity of the El Paso National Bank's title to the physical property of the Red Bluff Water Power Control District, but conceding, for the sake of the question, that the Bank's title to said property is valid in every respect, nevertheless, the Bank would be unable to enforce the rules and regulations as promulgated by the district. The district, as created by the Legislature, is a governmental agency, a body politic, and corporate, and as such, exercises such governmental functions as conferred upon it by law.

The Bank, by acquiring the physical properties of the district, would not become the district nor would it acquire the official authority conferred upon the Board of Directors of the district by the Legislature of the State. If and when the property is taken over by, and is being operated by the Bank, said property ceases to be public or State property, and becomes the private property of the Bank, and as such, must be operated as any other private enterprise. To permit a private enterprise to enforce rules and regulations, the violations of which would constitute a penal offense, would amount to nothing less than class legislation, which is in direct contravention of Article I, Section 3, of the Constitution of Texas, which provides:

"Section 3. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive, separate public emoluments, or privileges, but in consideration of public services."

Therefore, you are respectfully advised that it is the opinion of this Department that the rules and regulations as promulgated by the Board of Directors of the Red Bluff Water Power Control District may not be enforced by the El Paso National Bank as trustee.

Honorable William L. Kerr, Page 5


     Trusting that this disposes of your inquiry, we main

               Yours very truly

          ATTORNEY GENERAL OF TEX

        By

             D. Burle Da
             Assis

DBD:BBB


APPROVED OCT 3, 1940

ATTORNEY GENERAL OF TEXAS